UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAVON FOLSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2680** |
| **CPT. RHONDA LEDET, ET AL.** | **SECTION "A"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is the defendants Warden Pat Book's **Motion to Sever (ECF No. 6)** seeking severance and transfer of the claims against him to the Western District of Louisiana. No party has filed an opposition to the motion, which was taken under submission without oral argument on February 3, 2021. The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that the motion can be disposed of without an evidentiary hearing.

**I.     Factual and Procedural Background**

    **A.     Complaint**

Plaintiff Javon Folse ("Folse") was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Center ("TPCJC") when this suit was filed.[1] Folse filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against four TPCJC officials, Captain Rhonda Ledet, Major Stephen Bergeron, Deputy Taylor Guidry, and Sergeant David Bourgoise, and Warden Pat Book of the Catahoula Correctional Center ("CCC"). Folse alleges that, he was at the Catahoula Correctional Center from August 27 through 29, 2020. While there, Folse claims he

---
[1] ECF No. 1, at 3.

had no running water to drink or with which to shower or use the restroom. On August 29, 2020, he ate lunch around 12:00 p.m. Later that evening, between 5:00 p.m. and 6:00 p.m., the TPCJC inmates were told to pack their belongings for transport back to Terrebonne Parish. The inmates were not given supper despite the fact that the CCC inmates were fed. The inmates were transported back to TPCJC between 6:00 p.m. and 1:00 a.m. They were shackled and had no water or restrooms on the ride.

Upon arrival at TPCJC around 1:00 a.m., plaintiff alleges that defendants, Ledet, Bergeron, Guidry, and Bourgoise, were notified that the inmates had not eaten supper before they left CCC. Plaintiff claims that each defendant told him and other inmates that food or sandwiches would be arriving shortly. Despite this, the inmates were not fed until breakfast around 5:30 or 6:00 a.m.

Folse claims that 18 hours without food and water was cruel and unusual punishment. He also asserts that both CCC and TPCJC official should have known of the substantial risk of harm to his body. As relief, he seeks $80,000 for his pain and suffering.

      B.      <u>**Book's Motion to Sever and Transfer (ECF No. 6)**</u>

Warden Book seeks severance and transfer of the claims against him on grounds of misjoinder and inconvenient or improper venue. Book alleges that he is located, and the alleged claims against him occurred, in Catahoula Parish within the jurisdiction of the United States District Court for the Western District of Louisiana. In addition, Book alleges that the claims against him are not properly joined in Folse's complaint under Fed. R. Civ. P. 20. Book argues that the events in CCC are separate transactions and occurrences from the complaints Folse had against the other defendants upon his return to TPCJC. Book seeks severance of the claims under Fed. R. Civ. P. 21 and transfer to the more appropriate venue in the Western District of Louisiana pursuant to 28 U.S.C. § 1391(c), § 1404(a). *See also*, 28 U.S.C. § 98(c).

## II.   Standards of Review

### A.   Misjoinder and Severance

Under Fed. R. Civ. P. 21, if a claim or party is misjoined into an action, the Court may sever the claim into a separate action. Severed claims become entirely independent actions to be adjudicated and judgment entered thereon. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 n.19 (5th Cir. 1993). In this circuit, the lower courts have applied a severance test under Fed. R. Civ. P. 21 which takes into account the following factors:

> "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."

*In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014) (quoting *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co., Inc.*, No. 11-2205, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012).

The Fifth Circuit has explained, however, that, "[s]ince Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Under Fed. R. Civ. P. 20(a)(2), defendants are properly joined in one action when two factors are met:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The Fifth Circuit has held that "as long as both prongs of the test are met, 'permissive joinder of [parties] . . . is at the option of the [parties].'" *Acevedo*, 600 F.3d at 521 (quoting *Applewhite v.*

3

*Reichhold Chems., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). However, without regard for whether the Rule 20 test is satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (citations omitted).

Thus, a plaintiff does not have an unlimited right to join claims against unrelated defendants under the broad scope that is "consistent with fairness to the parties." *United Mine Workers*, 383 U.S. at 724; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."). Applying Fed. R. Civ. P. 20 and 21, a district court has wide discretion to sever improperly joined claims into separate cases. *See Applewhite*, 67 F.3d at 574; *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

**B.    Severance and Transfer**

The Fifth Circuit has determined that "the severance inquiry is different-and more focused on judicial efficiency-when it is combined with a section 1404 motion to transfer than when the severed case would remain in the original judicial district." *In re Rolls Royce Corp.*, 775 F.3d at 679. The provisions of 28 U.S.C. § 1404 allow a court to transfer a case from a district in which

venue is wrong to another district or division in which venue is proper when transfer is in the interests of justice.[2] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

The transfer provision of § 1404 "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'" *In re Rolls Royce Corp.*, 775 F.3d at 677 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 636-37 (1964)). Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation. *In re Rolls Royce Corp.*, 775 F.3d at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)). A court's § 1404 transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness." *In re Rolls Royce Corp.*, 775 F.3d at 678.

When considering severance-and-transfer motions, the courts are directed to look heavily to considerations of "judicial economy." *Id*. at 681. The Fifth Circuit has cautioned that "[w]hile judicial economy is not the sole consideration for a district court facing a severance-and-transfer motion, it retains a cardinal role." *Id*. Referencing its prior holding in *Liaw Su Teng v. Skaarup Shipping Corp.*, 43 F.2d 1140 (5th Cir. 1984),[3] the Court revisited its suggestion "that when

---

[2] Cases like this one, brought under 42 U.S.C. § 1983, are governed by the general venue provisions of 28 U.S.C. § 1391(b):
> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[3] *overruled on other grounds*, *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987).

considering a severance-and-transfer motion, the inquiry collapsed into an inquiry into the relative merits of convenience versus judicial economy." *In re Rolls Royce Corp.*, 775 F.3d at 680. Specifically, the Fifth Circuit reiterated that "'the court must weigh carefully whether the inconvenience of splitting the suit outweighs the advantages to be gained from the partial transfer. It should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issue to be litigated in two cases.'" *Id*. (quoting *Liaw Su Teng*, 43 F.2d at 1148).

**III.   Analysis**

Considering the foregoing, severance and transfer of the claims against Warden Book is appropriate. To be clear, the claims asserted against Warden Book are Folse's claims challenging the conditions of his confinement and transfer back to TPCJC by CCC personnel. Specifically, Folse alleges that during his stay at CCC from August 27 through 29, 2020, he had no running water to drink or with which to shower or use the restroom. In addition, on August 29, 2020, he was not provided an evening meal before being transported back to TPCJC. He also complains that, during that transport, he was shackled and had no water (to drink) or restrooms.

Under the considerations propounded by Fed. R. Civ. P. 20 and 21, the claims against Warden Book and those against the TPCJC defendants, Captain Ledet, Major Bergeron, Deputy Guidry, and Sergeant Bourgoise, were not properly joined into this civil action. The claims do not arise out of the same transaction or occurrence and do not involve common facts. Folse's claims against Warden Book relate exclusively to the conditions of his two day confinement at CCC and the transport back to TPCJC. The claims against the other defendants relate exclusively to events that occurred after Folse arrived at TPCJC. While Folse describes the delayed meal provisions to span the period of his transfer from one prison to another, the real issues of fact and law arose in

two different jails and involved different causes and occurrences leading to his alleged constitutional injuries under § 1983.

Furthermore, for purposes of severance under Fed. R. Civ. P. 21(a)(2), settlement or resolution of the claims involving the conditions of CCC would not facilitate resolution of the unrelated claims against the TPCJC defendants. The witnesses and evidence necessary to establish or support the claims against Warden Book are not the same as those necessary for the claims against the TPCJC defendants. The burden placed on all defendants to respond to and defend against claims in which they are not involved would be resolved by severance. For these reasons, severance of the claims against Warden Book is appropriate in this case.

Transfer of the severed claims against Warden Book is likewise appropriate in the interests of justice and judicial economy. As noted above, the general venue provisions in 28 U.S.C. § 1391(b) apply to this § 1983 action. Relevant to this case, venue under § 1391(b) would fall in either (1) a judicial district in which any defendant resides, or (2) in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

But for the misjoinder of the claims against Warden Book, both the United States District Courts for the Eastern and Western Districts of Louisiana would be proper, since defendants can be found to reside and actions occurred in both jurisdictions. However, evaluating venue in light of the misjoinder, the Eastern District of Louisiana is not a proper venue for the claims against Warden Book. Warden Book indicates in his motion that he is in Catahoula Parish, which falls within the boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The claims against Warden Book arose in CCC, also within the boundaries of the Western District of Louisiana. In addition, the claims against the TPCJC defendants remaining in

this district are not intertwined with those against Warden Book. The severance and transfer also will not result in duplicitous litigation of any common claims, since there are none.

Thus, both the interests of justice and judicial economy favor transfer of the severed claims against Warden Book to the Western District of Louisiana. For the foregoing reasons, Warden Book's motion to sever and transfer Folse's claims against him should be granted.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Warden Book's **Motion to Sever and Transfer (ECF No. 6)** be **GRANTED**, and the claims against Warden Book regarding the conditions of plaintiff's confinement in and transport from Catahoula Correctional Center be **SEVERED** and **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this ____10th____ day of March, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.