UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAVON FOLSE | CIVIL ACTION |
| VERSUS | NO. 20-2680 |
| CPT. RHONDA LEDET, ET AL. | SECTION "A"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of in part without further evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Javon Folse ("Folse") was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Center ("TPCJC") when this suit was filed.[1]  Folse filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against four TPCJC officials, Captain Rhonda Ledet, Major Stephen Bergeron, Deputy Taylor Guidry, and Sergeant David Bourgoise, and Warden Pat Book of the Catahoula Correctional Center ("CCC").  Folse alleges that he was a TPCJC inmate who was temporarily held at the CCC from August 27 through 29, 2020.  Folse claims that, while at CCC, he had no running water to drink or with which to shower or use the restroom.  On August 29, 2020, he was fed lunch around 12:00 p.m.  Later that evening, between 5:00 p.m. and 6:00 p.m., the TPCJC inmates were told to pack their belongings for CCC to transport them back to Terrebonne Parish.  He claims that TPCJC inmates were not given an

---

[1] ECF No. 1, at 3.

evening meal before they left despite the fact that the CCC inmates were fed. He and other inmates were driven back to TPCJC between 6:00 p.m. and 1:00 a.m. They were shackled and had no water or restrooms on the ride.

Folse also alleges that, upon the inmates' arrival at TPCJC around 1:00 a.m., defendants, Ledet, Bergeron, Guidry, and Bourgoise, were notified that the inmates had not eaten supper before they left CCC. Plaintiff claims that each defendant told him and other inmates that food or sandwiches would be arriving shortly. Despite this, the inmates were not fed until breakfast around 5:30 a.m. or 6:00 a.m.

Folse claims that between the two jails, he went 18 hours without food and had been denied water at CCC and on the trip back which was cruel and unusual punishment. He also asserts that both CCC and TPCJC official should have known of the substantial risk of harm to his body. As relief, he seeks $80,000 for his pain and suffering.

On April 1, 2021, upon the recommendation of the undersigned, the District Judge granted defendant Brooks's motion to sever and transferred Folse's claims against Warden Brooks regarding the conditions of Folse's confinement in and transport from CCC to the United States District Court for the Western District of Louisiana.[2] Remaining before the Court are Folse's claims that the TPCJC defendants, Ledet, Bergeron, Guidry, and Bourgoise, failed to provide him with a meal upon his return to TPCJC at 1:00 a.m. on August 30, 2020, and did not feed him until regular breakfast four or five hours later.

## II.     Standards of Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

---

[2] ECF Nos. 17, 18.

determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

Plaintiff claims that he and other inmates personally informed the TPCJC defendants, Captain Ledet, Major Bergeron, Deputy Guidry, and Sergeant Bourgoise, that they had not eaten an evening meal before leaving CCC. He claims that each defendants advised him a that food or sandwiches would be arriving, but no food was served until regular breakfast at 5:30 a.m. or 6:00 a.m. His claims are frivolous and do not present a claim cognizable under § 1983.

The deprivation of food to an inmate, whether pretrial or convicted, can constitute cruel and unusual punishment only if it stands as the denial of "the minimal civilized measure of life's necessities." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The denial of food may establish a constitutional violation depending on the amount and duration of the alleged deprivation. *Talib*, 138 F.3d at 211 (expressing doubt that a prisoner who missed 50 meals in five months, or one out of every nine meals, and lost 15 pounds established a constitutional violation). The Fifth Circuit has held that only a "continuous and substantial denial of food" will suffice. *Id*. at 214 n.3.

Folse has alleged nothing of this magnitude against the TPCJC defendants. His claim is simply that he asked for food, was told food would be coming, but no food arrived for another 4 to 5 hours. Assuming this is true, for purposes of this statutory review, the denial of one meal does not rise to the level of a cognizable constitutional injury simply because the plaintiff is a prisoner. *Coleman v. Platt*, 558 F. App'x 493, 494 (5th Cir. Mar. 21, 2014) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation) and *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999)); *see also Shelby v. Dupree*, 574 F. App'x 397, 399 (5th Cir. Jun. 26, 2014) (inmate missing three meals per week for six weeks was not sufficiently severe in amount or duration to deprive him of minimal civilized measure of life's necessities). Plaintiff here alleges no more than frustration that food was delayed beyond the defendants' alleged promise to present sandwiches. This is not enough to reach a constitutional level, even if he was told or believed that food would be served sooner than it was. *See Shelby*, 574 F. App'x at 399 (citing *Talib*, 138 F.3d at 214 n.3; *see also Berry*, 192 F.3d at 506-08 (holding

4

that the denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation).

Therefore, Folse's claim that defendants' deprived him of or delayed his access to food should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under § 1915e(2) and § 1915A.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Folse's § 1983 claims against defendants Captain Rhonda Ledet, Major Stephen Bergeron, Deputy Taylor Guidry, and Sergeant David Bourgoise, be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915e(2) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this ___27th___ day of April, 2021.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.